## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| COMPLETE BUSINESS SOLUTIONS GROUP, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 20-cv-01023-MEH |
| COLORADO FARMS LLC, a Colorado limited liability company; RANKO MOCEVIC, an individual; and ERIC KEITER, an individual. | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

Complete Business Solutions Group, Inc. d/b/a Par Funding ("Plaintiff") by and through its attorneys, Fox Rothschild LLP, files its First Amended Complaint against Defendants Colorado Farms, LLC ("Colorado Farms"), Ranko Mocevic, ("Mocevic") and Eric Keiter ("Keiter") (collectively, "Defendants"), and states as follows:

## PARTIES

1.      Plaintiff is a Delaware corporation and is a provider of small business funding and working capital for both small and large businesses.

2.      Defendant Mocevic is an individual and citizen of Colorado residing at 22583 E. Peakview Place, Aurora, Colorado 80016.

3.      Defendant Keiter is individual and citizen of Florida residing at 9599 Blandford Road, Orlando, Florida 32827.

1

4.     Defendant Colorado Farms is a Colorado limited liability company with its principal place of business at 6460 S. Quebec Street, Centennial, CO 80111. Mocevic is a member-manager of Colorado Farms.

5.     Colorado's LLC Act, C.R.S. § 7-80-101 *et seq.*, does not require the public registration or listing of members for an LLC formed under the Act. As such, records maintained by the Colorado Secretary of State do not reflect the past or current membership of Colorado Farms.

6.     Notwithstanding the lack of membership information, the records of the Secretary of State as well as the documents at issue in this case show that the following persons may be associated with Colorado Farms: Eric Keiter, Marko Mocevic, Ranko Mocevic, Vladimir Mocevic, Branko Mocevic, and Stefan Mocevic (collectively, the "Associated Persons").

7.     As reflected above and below, Keiter is a citizen of Florida, and the remaining Associated Persons are all citizens of Colorado.

   a.  Ranko Mocevic has resided at 22583 E. Peakview Place, Aurora, Colorado since 2010. He filed for Chapter 7 bankruptcy in Colorado in 2010 and 2015 listing Colorado addresses for his residence. *See* USBK Case Nos. 10-23976-ABC and 15-13362-TBM. Ranko is an owner of Colorado World Resorts, LLC (a Colorado entity) developing a large resort property in Avon, Colorado. He has at least 4 vehicles registered in his name with the State of Colorado and holds a driver's license issued by the State of Colorado. Ranko is registered to vote in Arapahoe County, Colorado and has been a party in no less than 42 Colorado state court cases since 2010.

2

b.  Branko Mocevic has resided at 16950 E. Hinsdale Way, Aurora, Colorado since 1992. He holds a driver's license issued by the State of Colorado. Branko Mocevic was a principal of United Construction, LLC (a Colorado entity) constructing a large resort property in Avon, Colorado. He has been a party in no less than 15 Colorado state court cases since 2010.

c.  Stefan Mocevic a/k/a Slavica Mocevic has resided at 16950 E. Hinsdale Way, Aurora, Colorado since 1996. She filed for Chapter 13 bankruptcy in Colorado in 2016 listing the Hinsdale address for her residence. *See* USBK Case No. 16-22242-EEB. Stefan has registered at least 3 vehicles registered in her name with the State of Colorado and holds a driver's license issued by the State of Colorado. Stefan is registered to vote in Arapahoe County, Colorado.

d.  Vladimir Mocevic has resided at 16950 E. Hinsdale Way, Aurora, Colorado since 1999. He is registered to vote in Arapahoe County, Colorado. Vladimir holds a driver's license issued by the State of Colorado, and has 2 vehicles currently registered in his name in Colorado.

e.  Marko Mocevic has resided at 22571 E. Euclid Place, Aurora, Colorado since 2018. Prior to that, he resided at 16950 E. Hinsdale Way, Aurora, Colorado since 1999. He is registered to vote in Arapahoe County, Colorado. Vladimir has registered 3 vehicles in his name in Colorado. According to his LinkedIn page, Marko attended the University of Colorado between 2011-2015 and the University of Denver from 2017-2020. Marko's LinkedIn page also reflects that he is currently employed by the Colorado Department of Transportation.

Active\109933204.v1-4/27/20

f.  Eric Keiter has resided at 9599 Blandford Road, Orlando, Florida since 2013. He is registered to vote in Florida. Eric holds a driver's license issued by the State of Florida, and has at least 2 vehicles registered in his name in Florida.

## JURISDICTION AND VENUE

8.  This case arises under this Court's diversity of citizenship jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1), 1332(c), and 1332(e), as (1) Plaintiff is a citizen of Delaware, Colorado Farms is a citizen of Colorado and/or Florida, Mocevic is a citizen of Colorado, and Keiter is a citizen of Florida, and thus complete diversity exists between Plaintiff and Defendants; and (2) the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

9.  Venue is appropriate in this Court pursuant to the provisions of 28 U.S.C. § 1391(b)(1) and (2) and § 1391(c)(1) and (2), since Colorado Farms and Mocevic are citizens and residents of the State of Colorado, and because a substantial part of the events or omissions giving rise to the claim occurred in this District (*i.e.*, the funds under the subject contracts were provided to the Defendants in Colorado, the funds provided are secured by real property in Colorado, and the contracts at issue were executed in Colorado and are governed by the law of Colorado).

## FACTUAL BACKGROUND

10.  On or about June 26, 2019, Colorado Farms signed and delivered a Promissory Note to Plaintiff ("Note") in the principal amount of $3,000,000.00. A true and genuine copy of the Note is attached as **Exhibit A**.

11.  The Note required Colorado Farms to make certain installment payments to Plaintiff in repayment of the principal amount owed under the Note.

Active\109933204.v1-4/27/20

12.     As reflected therein, sufficient consideration exists with respect to the Note because Plaintiff loaned money to Colorado Farms, and in return, Colorado Farms promised to repay Plaintiff the money loaned to it.

13.     The Note requires, inter alia, Colorado Farms to pay Plaintiff's attorneys' fees and costs incurred in the enforcement of, *inter alia*, the Note.

14.     On or about June 27, 2019, Plaintiff and Mocevic entered into a Guaranty and Suretyship Agreement ("Mocevic Guaranty") pursuant to which Mocevic agreed to personally guarantee all obligations of Colorado Farms under the Note. A true and genuine copy of the Mocevic Guaranty is attached as **<u>Exhibit B</u>**.

15.     Also on or about June 27, 2019, Plaintiff and Keiter entered into a Guaranty and Suretyship Agreement ("Keiter Guaranty") pursuant to which Keiter agreed to personally guarantee all obligations of Colorado Farms under the Note. A true and genuine copy of the Keiter Guaranty is attached as **<u>Exhibit C</u>**.

16.     Pursuant to the terms of the Mocevic Guaranty and the Keiter Guaranty (together, the "Guaranties"), both Mocevic and Keiter "personally, jointly, severally and unconditionally" guaranteed full and prompt payment of all payments payable under the Note. *See* <u>Exhibits B</u> and <u>C</u> ¶ 2.

17.     The Guaranties also specifically provide that Plaintiff may pursue simultaneous collection efforts on the Note and Guaranties with or without pursuing Colorado Farms separately. *See* <u>Exhibits B</u> and <u>C</u> ¶ 9.

18.     Through the Guaranties, Mocevic and Keiter agreed to Colorado as the forum for any suit, action or other legal proceeding arising out of the Guaranties. *See* <u>Exhibits B</u> and <u>C</u> ¶ 10.

Active\109933204.v1-4/27/20

19.     The Guaranties also require Mocevic and Keiter to pay Plaintiff's attorneys' fees and costs incurred in the enforcement of, *inter alia*, the Guaranties or Note.

20.     Defendants are in default under the Note and Guaranties as a result of their failure to pay the sums as agreed under the terms of the Note.

21.      Given the default, Plaintiff made demand on the Defendants for forthwith payment of the indebtedness owed to Plaintiff under the terms of the Note.

22.     Notwithstanding such demand, the Note and Guaranties remain in default as Defendants have failed to cure their defaults.

23.     As of April 8, 2020, Defendants are indebted to Plaintiff in the principal amount of $3,000,000.00, plus interest, late charges, attorneys' fees, and costs.

24.     All conditions precedent to the institution of this action have been satisfied, excused, or waived.

## **FIRST CLAIM FOR RELIEF**
### **(Breach of Contract – Colorado Farms)**

25.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

26.     The Note is a negotiable instrument.

27.     Plaintiff is the holder of the Note.

28.     Plaintiff has the rights given to a holder of a negotiable instrument.

29.     Colorado Farms defaulted under the terms under the terms of the Note by, among other things, failing to pay as agreed.

30.     Plaintiff provided Colorado Farms with notice of its default under the Note.

31.     Colorado Farms has failed to cure the existing default under the Note.

32.     Colorado Farms is liable to Plaintiff pursuant to the terms of the Note.

Active\109933204.v1-4/27/20

33.     Under the terms of the Note, Colorado Farms is also liable to Plaintiff for its attorneys' fees and costs incurred in connection with this action.

## SECOND CLAIM FOR RELIEF
### (Monies Lent – Colorado Farms)

34.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

35.     As of April 8, 2020, Colorado Farms is indebted to Plaintiff in the principal amount of $3,000,000.00 (exclusive of interest, default interest, late fees and charges, and attorneys' fees and costs) for monies lent by Plaintiff to Colorado Farms in connection with the Note.

## THIRD CLAIM FOR RELIEF
### (Unjust Enrichment -- Colorado Farms)

36.     Plaintiff incorporates the foregoing paragraphs above as if fully set forth herein.

37.     A benefit has been conferred upon Colorado Farms by virtue of the credit extended under the terms of the Note.

38.     Colorado Farms knowingly accepted and utilized the credit and monies provided by and through the Note.

39.     Colorado Farms should not be allowed to retain the foregoing benefits.

40.     Colorado Farms appreciated the foregoing benefits under such circumstances that it would be inequitable for Colorado Farms to retain such benefits without repaying Plaintiff.

## FOURTH CLAIM FOR RELIEF
### (Breach of Guaranty - Mocevic)

41.     Plaintiff incorporates the foregoing paragraphs above as if fully set forth herein.

42.     Mocevic executed and delivered the Mocevic Guaranty to Plaintiff.

43.     Under the terms of the Mocevic Guaranty, Mocevic is personally liable and responsible for the obligations of Colorado Farms under the Note.

Active\109933204.v1-4/27/20

44. Mocevic has breached the terms of the Mocevic Guaranty by, *inter alia*, failing to make payment to Plaintiff as required by the Mocevic Guaranty and by failing to ensure the fulfillment of Colorado Farms' obligations under the Note.

45. Mocevic's breaches under the Mocevic Guaranty have resulted in damage to Plaintiff in an amount to be established at trial.

46. Under the terms of the Mocevic Guaranty, Mocevic is liable for the attorneys' fees and costs incurred by Plaintiff in enforcing the terms of the Note and the Mocevic Guaranty.

## FIFTH CLAIM FOR RELIEF
### (Breach of Guaranty - Keiter)

47. Plaintiff incorporates the foregoing paragraphs above as if fully set forth herein.

48. Keiter executed and delivered the Keiter Guaranty to Plaintiff.

49. Under the terms of the Keiter Guaranty, Keiter is personally liable and responsible for the obligations of Colorado Farms under the Note.

50. Keiter has breached the terms of the Keiter Guaranty by, *inter alia*, failing to make payment to Plaintiff as required by the Keiter Guaranty and by failing to ensure the fulfillment of Colorado Farms' obligations under the Note.

51. Keiter's breaches under the Keiter Guaranty have resulted in damage to Plaintiff in an amount to be established at trial.

52. Under the terms of the Keiter Guaranty, Keiter is liable for the attorneys' fees and costs incurred by Plaintiff in enforcing the terms of the Note and the Keiter Guaranty.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Complete Business Solutions Group, Inc. d/b/a Par Funding, prays for entry of judgment against Defendants Colorado Farms, LLC, Ranko Mocevic, and Eric Keiter, jointly and severally, for:

a. Compensatory damages resulting from Defendants breach of the Note and Guaranties;

b. Interest under the Note dated June 26, 2019;

c. Pre- and post-judgment interest;

d. Costs and attorneys' fees; and

e. For such other and further relief as this Court deems just and proper.

Dated: April 27, 2020.     Respectfully submitted:

FOX ROTHSCHILD LLP

*/s/ Christopher T. Groen*
Christopher T. Groen, CO Atty. No. 39976
Christopher J. Dawes, CO Atty. No. 33818
1225 17th Street, Suite 2200
Denver, Colorado 80202
cgroen@foxrothschild.com
cdawes@foxrothschild.com
Phone: (303) 292-1200

*Counsel for Plaintiff Complete Business Solutions Group, Inc. d/b/a Par Funding.*

Active\109933204.v1-4/27/20